IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DADE COUNTY DIVISION

Legal Mail Received
JAN 3 1 2020
Dade C.I.
A-3

FILED BY _____ D.C.
FEB 04 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**ALFONSO JENKINS,**
 Plaintiff.

v.

CASE NO.: _____
(To be assigned)

**MR. MARK INCH, SECRETARY, F.D.O.C.**
**CENTURION OF FLORIDA, LLC,**
**MEDICAL PROVIDERS, MR. MARIO CORRALES,**
**ASST. WARDEN, DADE C.I., DR. F. PAPILLON, C.H.O.,**
**DADE C.I., MS. DENA TATE, H.S.A., DADE C.I.**
 Defendants.
_____/

## EMERGENCY PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

1. Upon Plaintiff's statement of facts set forth under oath, the Plaintiff, Alfonso Jenkins, (hereinafter) Plaintiff seeks an emergency order for preliminary injunction and temporary restraining order.

## PRELIMINARY STATEMENT

2. The Plaintiff is a (72) year old male inmate whom suffers from, "severe stage glaucoma" and was diagnosed with, "Acute Pancreatitis" on August 14, 2019 by an emergency room doctor Homestead General Hospital during an emergency transfer conducted by security at Dade Correctional Institution. See Exhibit (A) Clinicians Order sheet attached

cat / div 1983 / 555 / Dade
Cas #_____
Jud _____
Motn Ifp IFP Fee pd $ 0
Receipt #_____

## STATEMENT OF FACTS RELIED UPON

3. The Plaintiff on August 14, 2019 became extremely sick and was in great pain and discomfort, experiencing stomach pain and vomiting.

4. An ambulance was called to the prison and the Plaintiff was rushed to the emergency room at Homestead General Hospital.

5. The Plaintiff was seen evaluated and diagnosed with "acute pancreatitis" by a board certified medical doctor who prescribed multiple different medications and recommended treatment.

6. The doctor personally explained to the Plaintiff the seriousness of his condition and advised him to follow recommended treatment.

7. Once the doctor has stabilized the Plaintiff's condition and wrote prescribed orders for treatment he was transported back to Dade Correctional Institution.

8. When the Plaintiff return to the institution he was placed in the institution's infirmary.

9. The following morning on 8-15-19 the Plaintiff was discharged from the infirmary and placed back into open population while still experiencing the same symoptoms.

10. On August 22, 2019, the Plaintiff was seen by Dr. Peno for follow up ordered by Dr. F. Pappillon, (C.H.O.) on 8-15-19.  See Exhibit (A) Clinicians Order Sheet

11. During the follow up with Dr. Peno the Plaintiff was advised that no medication would be prescribed to treat his condition.

12. The Plaintiff has never received any treatment nor medication for his pre-diagnosed serious medical condition. Re: Acute Pancreatitis. Note: For approximately (5½) months now the Plaintiff has been subjected to severe stomach pain, nausea, vomiting and discomfort.

13. The Plaintiff has accessed sick-call on several occasions complaining of the unbearable pain and discomfort, his inability to consume food without vomiting. "<u>All to no avail</u>"

14. The Plaintiff submitted several request and grievances in an effort to obtain the medical records that were prepared by Homestead General Hospital. The institution and medical providers, "Centurion of Florida, LLC" have denied him access to receive and make copy of all his/her personal record set stored in the department's record department. <u>See Chapter 33-401.701(3)(A) Florida Administrative Code</u>.

15. On 9-4-19 the Plaintiff filed a grievance to the Health Service Administrator, "Dena Tate" to inquire why he has not received treatment for his pancreas. On 9-12-19 the grievance was denied. <u>See attached grievance and denial, Exhibit (B)</u>

16. On 9-21-19 the Plaintiff filed another grievance to the (H.S.A.) Dena Tate advising her that De Peno had refused to order the medication for pancreatitis, and again the grievance was denied. <u>See Exhibit (C) attached grievance and denial</u>

17. on 12-17-19 the Plaintiff submitting a formal grievance to the warden, Mr. Colon advising, him of the pain and suffering due to the medical providers outright denial and/or failure to treat his previously diagnosed serious medical condition. This grievance was denied by both the Chief Health Office, (CHO) Dr. F. Papillon and the Assistant Warden Mario Corrales. <u>See Exhibit (D) attached grievance and response</u>

18. On or about 12-28-19 the Plaintiff filed an appeal to the secretary of the F.D.O.C. and has not received any response to this date.

19. It has become a common practice here at Dade C. I. for both security and their medical providers, Centurion of Florida to ignore and/or delay adhering to orders after the

3

evaluations and recommendations are submitted to the medical personnel whom are responsible for assuring that the recommended treatment plan to carried out.

## LAW OF THE CASE

20. Acute Pancreatitis is a life threatening disease that demands prompt medical attention.

21. The Eighth Amendment protects the right to inmates medical care. The Supreme Court explained that this is because "an inmate [must] rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." Estelle v. Gamble, 429 U.S. 97, 103 (1976)

22. It should be noted that the Plaintiff's current medical condition demands expeditious treatment. The Plaintiff has lost a significant amount of weight due to the inability to consume food without vomiting, his stomach pain is so severe he unable to get out of bed and walk to the restroom.

23. Without immediate intervention by this Honorable Court by granting this instant petition for the reasons stated in its four corners the Plaintiff will continue to be subjected to severe pain, discomfort, lost of weight and other irreparable damage cause by acute pancreatitis.

24. There is a practice or custom by the Defendants to not timely adhere to specialist orders and recommendations for proper expeditious treatment for pre-diagnosed serious medical conditions.

25. Plaintiff is exhausting, his administrative remedies on these very issues, but at the institutional level Respondent has (20) days to respond and if its necessary to appeal that response, the Central Office/Secretary has (30) days to respond.

26. Because of the urgent nature of this pleading, Plaintiff relies on the following, case law in further support: Jackson v. District of Coulumbia, 254 F.3d 262 (D.C. Cir. 2001). Note:

4

the Plaintiff is currently dealing with the erroneous no action responses he receiving from the authorized Respondents for the F. D. O. C. in an effort to hinder the Plaintiff's responsibility to satisfy the requirements of the (P. L. R. A.) Prison Litigation Reform Act.

27. Finally, in Plaintiff's attached pre-prepared order for this Honorable Court to consider signing, the Plaintiff has sought a temorary restraining order, (TRO).  Dade Correctional Institution has a long history of staff attacks on prisoners and multiple staff members are currently facing criminal action for their conduct.

28. Plaintiff seeks protection from retaliatory acts from the filing of this instant petition at bar, as well as an order directing the Defendants to produce the requested medical records without any further delay.

**WHEREFORE**, based on the above mentioned facts supported by the face of the record, Plaintiff prays this Honorable Court will grant this Emergency Petition/Injunction.

/s/ Alfonso Jenkins

Alfonso Jenkins, DC#047210

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Injunction/T. R. O. has been placed into the hands of Dade C.I. staff for mailing to the following agencies and personnel: 1) Clerk of the U.S. Dist. Court, S.D. of Florida, 400 N. Miami Ave, (8N90), Miami, Florida 33128-7716; Centurion of Florida LLC, Statewide Medical Director, 1203 Governors Square Blvd. (Suite 600) Tallahassee, Florida 32301; Mario Corrales, Asst. Warden Dade C.I., Dr. F. Papillon, (C. H. O.) Dade C.I. and Dena Tate,, H.S.A. Dade C.I., 19000 S.W. 377th St., Florida City, FL 33034 on this  31  day of  JANUARY  2020.

/s/ *Alfonso Jenkins*

Alfonso Jenkins, DC#047210
Dade Correctional Institution
19000 S.W. 377th Street
Florida City, FL 33034

ALFONSO JENKINS, D#047010
DADE CORR. INSTITUT
19000 S.W. 377 ST.
FLORIDA CITY, FL. 330__

Legal Mail
Received
JAN 31 2020
Dade C.I.

LEGAL
MAIL

MIAMI
MAILED FROM A
STATE CORRECTIONAL
INSTITUTION
FLORIDA CITY

Hasler 01/31/2020
US POSTAGE $000.80
ZIP 33034
011E11681778

CLERK, U.S. DIST COURT (S.D.)
400 NORTH MIAMI AVE, (8N90)
MIAMI, FL. 33128-7716

33128-771699