**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-20528-KMM

ALFONSO JENKINS,

    Plaintiff,

v.

MARK S. INCH, *et al.*,

    Defendants.

                                    /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Plaintiff Alfonso Jenkins' Emergency Preliminary Injunction and Temporary Restraining Order. ("Mot.") (ECF No. 1). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Motion be DENIED. ("R&R") (ECF No. 5). Plaintiff filed objections. ("Objs.") (ECF No. 8). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.[1]

---

[1] The Court adopts Magistrate Judge Reid's R&R with the following alterations: on page five, line seven, the sentence should read, "He remained there until he was discharged at 12:00 p.m. [*Id.* at 49]."; on page six, line eight, the sentence should read, in part, "on December 19, 2019 at 9:07 a.m."; on page six, line seventeen, the citation should read, "[*Id.* at 30, 33].";  on page seven, line twelve, the citation should read, "*Alabama v. U.S. Army Corps of Eng'rs*, 44 F.3d 1117, 1128 (11th Cir. 2005) (describing the general standards for injunctive relief); *see also*, *DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011) (addressing the denial of a TRO for stay of execution)."; on page seven, line eighteen, the citation should read, in part, "696 F.3d 1114, 1123"; on page eight, line fifteen, the citation should read, in part, "(11th Cir. 1994)"; on page nine, line seven, the citation should read, in part, "*See Goebert v. Lee Cty.*,"; on page nine, line eighteen, the citation should read, in part, "*See, e.g.*, *id.* at 1507."; and on page thirteen, line two, the citation should read, "*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 565 n.2 (1992)).".

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Plaintiff is a prisoner incarcerated at Dade Correctional Institution. Mot. at 1–2. On February 4, 2020, Plaintiff filed the Motion, wherein Plaintiff asserts that the prison has failed to treat his acute pancreatitis and requests injunctive relief protecting him from potential retaliatory conduct from the prison staff. *See generally id*. Specifically, Plaintiff asserts that (1) he has experienced "severe stomach pain, nausea, vomiting and discomfort" to the point that he is unable to consume food due to acute pancreatitis and that the prison staff has denied his requests for medication and treatment, and (2) he requires protection from the prison because "Dade Correctional Institution has a long history of staff attacks on prisoners." *Id.* at 2, 5.

As set forth in the R&R, Magistrate Judge Reid finds that Plaintiff did not file a complaint under 42 U.S.C. § 1983 and failed to accompany his submission with a filing fee or motion to proceed *in forma pauperis*. R&R at 2. Nonetheless, because Plaintiff describes his health and safety concerns as an "emergency," Magistrate Judge Reid liberally construes the Motion as a motion for preliminary or other injunctive relief. *Id.* As to Plaintiff's claim that the prison wrongfully refused to treat his acute pancreatitis, Magistrate Judge Reid finds that Plaintiff has failed to allege an Eighth Amendment violation. *Id.* at 8–10. Specifically, Magistrate Judge Reid finds that Plaintiff did not make prison officials aware of any ongoing, chronic pain and admits

that he received medical care several times in response to his complaints. *Id.* at 9–10. Additionally, Magistrate Judge Reid finds that although Plaintiff avers that prison officials refused to refill hospital prescribed medication, the prescription slips did not provide for refills. *Id.* at 10. As to Plaintiff's request for protection from retaliatory attacks by prison staff, Magistrate Judge Reid finds that Plaintiff lacks standing because Plaintiff fails to make any non-conclusory assertions that any injury is imminent or even likely. *Id.* at 12–13. Accordingly, Magistrate Judge Reid recommends that the motion be denied. *Id.* at 13. This Court agrees.

In the Objections, Plaintiff argues that the affidavits Defendants submitted included misleading and/or false information regarding (1) whether Plaintiff was a "no-show" to his follow-up appointment after his hospitalization, (2) the qualifications of a medical professional who reviewed and denied one of Plaintiff's medical grievance reports, (3) the completeness of the Evaluation, Recommendation, and Treatment Plan provided as an attachment to Dr. Franck Papillon's affidavit, and (4) medications that Plaintiff was prescribed for unrelated ailments. Objs. at 2–6. Plaintiff's objections do not challenge any of Magistrate Judge Reid's factual findings, and therefore are not "proper, specific objection[s]." Thus, the Court is not required to conduct a *de novo* review. *Macort*, 208 F. App'x at 784. In any event, even if Plaintiff's objections were proper and did require *de novo* review, Magistrate Judge Reid did not rely on any of the facts challenged in the objections. Therefore, Plaintiff's objections are unpersuasive.

UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Reid's Report and Recommendation (ECF No. 5) is ADOPTED and Plaintiff Alfonso Jenkins' Emergency Preliminary Injunction and Temporary Restraining Order (ECF No.

1) is DENIED.  The Clerk of Court is instructed to CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of April, 2020.

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c: All counsel of record